**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHEN AND KATHRYN BROWN,<br><br>Plaintiffs,<br><br>v.<br><br>KIA MOTORS AMERICA, INC. a subsidiary of KIA MOTORS CORPORATION, KIA MOTORS MANUFACTURING GEORGIA, INC., and KIA MOTORS CORPORATION,<br><br>Defendants. | ) | Case No. 4:16-CV-00755-AGF<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

NOW COME Plaintiffs, Stephen and Kathryn Brown, by and through their attorneys, Cozen O'Connor and complains of Defendants Kia Motors America, Inc., a subsidiary of Kia Motors Corporation, Kia Motors Manufacturing Georgia, Inc. and Kia Motors Corporation as follows:

**THE PARTIES**

1. At all times herein relevant, Plaintiffs Stephen and Kathryn Brown (hereinafter "Browns") were residents of the State of Missouri with a residence at 1783 Yellow Rock Road, De Soto, Missouri ("the residence").

2. Defendant Kia Motors America, Inc., a subsidiary of Kia Motors Corporation ("Kia") is a corporation incorporated under the laws of the State of California with its principal place of business at 111 Peters Canyon Road, Irvine, California. Defendant Kia does business in Missouri, and is registered with the Missouri Secretary of State as Charter No. F00449558.

3. Upon information and belief, at all relevant times, Kia regularly and systematically imported, sold, supplied, and distributed Kia automobiles in Missouri.

4. At all relevant times, Defendant Kia was qualified to do business in Missouri as it sells and derives substantial revenue from the sale of vehicles through multiple dealerships located in Missouri, including dealerships in Jefferson County, Missouri.

5. Defendant Kia Motors Manufacturing Georgia, Inc. ("Kia Georgia") is a corporation incorporated under the laws of the State of Georgia with its principal place of business at 7777 Kia Parkway, West Point, Georgia 31833. Defendant Kia Georgia manufactures and distributes Kia automobiles in the State of Missouri.

6. Upon information and belief, at all relevant times, Defendant Kia Georgia regularly and systematically conducted its business of fabricating, manufacturing, owning, operating, maintaining, inspecting, testing, and servicing Kia automobiles for sale in Missouri.

7. At all relevant times, Defendant Kia Georgia was qualified to do business in Missouri as it derives substantial revenue from the sale of vehicles through multiple dealerships located in Missouri, including dealerships in Jefferson County, Missouri.

8. Defendant Kia Motors Corporation ("Kia Motors") is a corporation incorporated under the laws of the Republic of Korea with its principal place of business situate at 231 Yangjae-dong, Seoch-Gu, Seoul, South Korea. Defendant Kia Motors regularly and systematically conducted its business of designing, manufacturing, owning, operating, inspecting and testing Kia automobiles for sale in Missouri.

9. At all relevant times, Kia Motors derived substantial revenue from the sale of vehicles through multiple dealerships located in Missouri, including dealerships in Jefferson County, Missouri.

**JURISDICTION AND VENUE**

10. Jurisdiction is proper based upon the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

11. Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391 because it is the judicial circuit in which a substantial part of the events giving rise to the claim occurred.

**COMMON ALLEGATIONS**

12. In or about December 2012, the Browns purchased a 2013 Kia Sorento, Vehicle Identification Number 5XYKU3A26DG410977 ("the vehicle"), which was designed, manufactured, and placed into the stream of commerce by the Defendants.

13. On or about July 5, 2013, the Browns parked the vehicle adjacent to their residence in Jefferson County, Missouri.

14. On or about July 5, 2013, a fire occurred at the residence ("the fire"). The fire originated at or in the vehicle and was caused by the vehicle malfunctioning as a result of a defective and unreasonably, dangerous condition existing therein.

15. The fire at or in the vehicle spread to the Browns residence and other vehicles nearby.

16. At all relevant times, the Browns properly maintained the 2013 Kia Sorento, and did not misuse or abuse it in any fashion.

17. As a direct and proximate result of the fire, the Browns sustained extensive damage and destruction to their real and personal property and other vehicles in an amount at or in excess of $336,968.48.

18. At all relevant times, Safeco Insurance Company of America ("Safeco") maintained a property insurance policy, insurance number OZ4219116, covering a house at 1783 Yellow Rock Road, De Soto, Missouri, which is owned by the Browns. The policy provided coverage for loss and damage to real and personal property due to fire, as well as other coverage.

19. Pursuant to its policy of insurance, Safeco reimbursed the Browns for the fair and reasonable value of the repair of their home and for their personal property in the amount of $296,670.98, including a $1,000.00 deductible.

20. Safeco was subsequently assigned the right to pursue this action and is thereby subrogated to the rights of the Browns to bring this action against any responsible third parties, including the Defendant named herein. The assignment between Safeco and the Browns is attached as **Exhibit A**.

21. At all relevant times, Safeco Insurance Company of Illinois ("Safeco Illinois") maintained a property insurance policy, insurance number Z4483799, covering a vehicle owned by the Browns, a 2013 Kia Sorento. The policy provided coverage for loss and damage to real and personal property due to fire, as well as other coverage.

22. Pursuant to its policy of insurance, Safeco Illinois reimbursed the Browns for the fair and reasonable value of their vehicle in the amount of $27,900.00.

23. Safeco Illinois was subsequently assigned the right to pursue this action and is thereby subrogated to the rights of the Browns to bring this action against any responsible third parties, including the Defendant named herein. The assignment between Safeco Illinois and the Browns is attached as **Exhibit B**.

24. At all relevant times, Progressive Northwestern Insurance Company ("Progressive") maintained a property insurance policy, insurance number 37577206, covering a boat owned by the Browns. The policy provided coverage for loss and damage to real and personal property due to fire, as well as other coverage.

25. Pursuant to its policy of insurance, Progressive reimbursed the Browns for the fair and reasonable value of their boat in the amount of $12,397.50.

26. Progressive was subsequently assigned the right to pursue this action and is thereby subrogated to the rights of the Browns to bring this action against any responsible third parties, including the Defendant named herein. The assignment between Progressive and the Browns is attached as **Exhibit C**.

**COUNT I – STRICT LIABILITY**
**AGAINST ALL DEFENDANTS**

27. Plaintiffs incorporate by reference paragraphs 1 through 26 as though fully set forth herein at length.

28. At all times relevant, Defendants designed, manufactured, tested and placed into the stream of commerce the vehicle and as such, is strictly liable for all defects and unreasonably dangerous conditions that existed with respect to the vehicle and its component parts.

29. The Browns were and are in the class of persons that Defendants should have reasonably foreseen as being subject to the harm caused by the defective condition of the vehicle and its component parts, which was sold for the purpose of use by consumers like the Browns.

30. The vehicle and its component parts were defective at the time they left the control and possession of Defendants in that Defendants:

a. Failed to properly design, engineer, manufacture, fabricate, assemble, supply, and sell passenger vehicles, including the vehicle and its component parts, which Defendants knew or should have known were prone to a foreseeable and unreasonable fire hazard;

b. Failed to properly and safely inspect and/or test the vehicle and its component parts and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of an unreasonably dangerous condition, and which adjustments and/or corrections would have remedied;

c. Failed to properly test and inspect the vehicle for defects prior to placing the vehicle into the stream of commerce;

d. Failed to incorporate appropriate safety devices into its vehicles, which posed an unreasonable risk of harm;

e. Failed to adequately warn end users and consumers that the vehicle posed an unreasonable fire hazard; and

f. Otherwise failed to use due care under the circumstances.

31. The vehicle was expected to and did reach the ultimate consumer in the condition in which it was manufactured and sold from Defendants, and was not altered or modified after it was sold by Defendants.

32. At all times herein relevant, vehicle was used for their intended purposes and in a manner that was reasonably foreseeable.

33. The defective and unreasonably dangerous conditions in the vehicle was the direct and proximate cause of the damages sustained by Plaintiffs.

WHEREFORE, Plaintiffs respectfully request this Court enter judgment in their favor and against Defendants Kia Motors America, Inc., a subsidiary of Kia Motors Corporation, Kia Motors Manufacturing Georgia, Inc. and Kia Motors Corporation, in an amount of $336,968.48, together with interests and costs of this action, and any other relief that this Court deems equitable and proper.

**COUNT II – NEGLIGENCE**
**AGAINST ALL DEFENDANTS**

34. Plaintiffs incorporate by reference paragraphs 1 through 26 as though fully set forth herein at length.

35. At all relevant times, Defendants, by and through its agents, employees, and/or representatives, owed a duty to the Browns to exercise reasonable care and caution in the design, manufacture, assembly, testing, distribution, and/or sale of the vehicle.

36. Defendants, by and through their agents, employees, representatives, workmen, employees and/or subcontractors breached its aforesaid duties to the Browns in one or more ways:

a. Failed to properly design, engineer, manufacture, fabricate, assemble, supply, and sell passenger vehicles, including the vehicle and its component parts, which Defendants knew or should have known were prone to a foreseeable hazard of an malfunction which posed an unreasonable fire hazard;

b. Failed to adequately, properly and safely inspect and/or test the vehicle and its component parts and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of a

dangerous condition, and which adjustments and/or corrections would have remedied;

c. Failed to properly inspect the vehicle for defects in its work prior to certifying the subject vehicle as worthy to be placed in the stream of commerce;

d. Failing to properly instruct and/or train its agents, employees, and/or representatives with regard to the manufacture and assembly of the vehicle and its component parts;

e. Supplied Plaintiffs with an unreasonably dangerous defective vehicle;

f. Failed to comply with all applicable codes, regulations, guidelines, policies, procedures, industry custom and practice, and instructions; and/or

g. Otherwise acted in a manner that was otherwise careless or negligent.

37. As a direct and proximate result of the aforesaid negligent, careless and/or reckless acts and/or omissions by Defendants, Plaintiffs sustained property damage in the amount of $336,968.48, exclusive of interests and costs, for which Defendants are liable.

WHEREFORE, Plaintiffs respectfully request this Court enter judgment in their favor and against Defendants Kia Motors America, Inc., a subsidiary of Kia Motors Corporation, Kia Motors Manufacturing Georgia, Inc. and Kia Motors Corporation, in the amount of $336,968.48, together with interests and costs of this action, and any other relief that this Court deems equitable and proper.

**COUNT III – BREACH OF WARRANTY**
**AGAINST ALL DEFENDANTS**

38. Plaintiffs incorporate by reference paragraphs 1 through 26 as though fully set forth herein at length.

39. In designing, manufacturing, assembling, testing, distributing, and/or selling the vehicle, Defendants expressly and expressly and/or impliedly warranted that it would provide a

vehicle free from defects in quality and workmanship, and in accordance with all applicable codes and standards.

40. Defendants breached their express and/or implied warranties as outlined in the allegations contained in Counts I and II herein.

41. In making the purchase of the vehicle, Plaintiffs relied on the warranty from Defendants.

42. As a direct and proximate result of Defendants' breach of their express and/or implied warranties, the fire occurred causing severe and extensive damage to Plaintiffs.

WHEREFORE, Plaintiffs respectfully request this Court enter judgment in their favor and against Defendants Kia Motors America, Inc., a subsidiary of Kia Motors Corporation, Kia Motors Manufacturing Georgia, Inc. and Kia Motors Corporation, in an amount of $336,968.48, together with interests and costs of this action, and any other relief that this Court deems equitable and proper.

**JURY DEMAND**

Plaintiffs hereby demand a jury on all triable issues of fact.

Dated: 11/17/2016

Respectfully submitted,

By: /s/ Marisa L. Saber

Marisa L. Saber #60360MO
COZEN O'CONNOR
123 W. Wacker Drive
Suite 1800
Chicago, Illinois 60606
(312) 382-3183 phone
(312) 382-8910 facsimile
msaber@cozen.com

**CERTIFICATE OF SERVICE**

I, Marisa L. Saber, hereby certify that I caused a true and correct copy of the foregoing document to be served electronically upon the parties registered for electronic service in this action through the Court's CM/ECF system on this 17th day of November, 2016:

Kevin P. Krueger #33018MO
Brittany Newell #65070MO
Sandberg Phoenix & von Gontard P.C.
600 Washington Avenue, 15th Floor
St. Louis, Missouri 63101
kkrueger@sandbergphoenix.com
bnewell@sandbergphoenix.com

/s/ Marisa L. Saber